Michael J.S. Pontone, Esq.
The Law Offices of Michael J.S. Pontone, Esq., P.C.
233 Broadway, Suite 2340
New York, NY 10279
Tel: (917) 648-8784
Email: michael@pontonelaw.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SKYE RUOZZI, individually and on behalf of others similarly situated, | |
| Plaintiff, | **VERIFIED CLASS ACTION COMPLAINT** |
| -against- | |
| BANK OF AMERICA, N.A., | **CASE NO.:** |
| Defendant. | |

Plaintiff, SKYE RUOZZI, by and through counsel, THE LAW OFFICES OF MICHAEL J.S. PONTONE, ESQ., as and for the complaint against the Defendant, together and severally, alleges as follows:

## INTRODUCTION

1. Most adult Americans have at least one credit card. And in the era of electronic banking, the ability to make automatic credit card payments is essential for consumers who want to streamline their finances and avoid late payment fees.

2. Over the last few years, the credit card market—the largest U.S. consumer lending market measured by the number of users—has grown in almost all dimensions and measures.[1] Every year since 2015, an increasing number of credit card holders have enrolled in

---

[1] Consumer Financial Protection Bureau, *The Consumer Credit Card Market* 50 (Aug. 2019), https://files.consumerfinance.gov/f/documents/cfpb_consumer-credit-card-marketreport_2019.pdf (last visited January 21, 2024).

some kind of automatic payment option.[2] In 2018, automatic payments surpassed payments by paper check as the second most-common payment method after online non-automatic payments.[3]

3. Typically, consumers who want to set up automatic payments through the credit card issuer can provide deposit account information through the issuer's online portal or mobile app, then authorize recurring automatic payments.[4]

4. Most credit card issuers allow cardholders to choose to automatically pay (1) their minimum amount due, (2) their balance reflected on their most recent billing statement, or (3) a fixed monthly amount.[5] American Express offers a fourth option, to pay the "Total Balance," defined as the "full balance on your account."

5. When a consumer chooses to pay the minimum amount due, the minimum amount due on the consumer's most recent statement will be automatically withdrawn from the consumer's deposit account every month. If there is a remaining balance, that balance will carry over to the next month—unless the cardholder makes an additional payment—and accrue interest according to the cardholder's agreement with the issuer. As such, the minimum amount due option is the most costly for the cardholder and most profitable for the credit card issuer.

6. When a consumer chooses to pay the statement balance every month (or the full balance due, i.e., the statement balance plus any additional purchases), that amount will be withdrawn from the consumer's deposit account, and no balance will carry over. This option results in the least amount of accrued interest for the cardholder and the least profit for the credit card issuer.

7. If a consumer selects a fixed monthly amount, that amount will be withdrawn

---

[2] *Id.*
[3] *Id.* at 51.
[4] *Id.* at 50.
[5] *Id.*

from their deposit account every month regardless of the statement balance or minimum amount due.

8.     Defendant, Bank of America, N.A. ("Defendant" or "Bank of America"), like other major credit card issuers, offers its cardholders these three options: Minimum Amount Due, Account Balance, and Fixed Amount. Like other major credit card issuers, Bank of America's uniform credit card agreements provide that if the cardholder pays their balance by the due date, Bank of America will not charge the cardholder interest on purchases. In addition to "Minimum Amount Due," "Account Balance," and "Fixed Amount," Bank of America also provides the option to set up automatic payments for the "Amount Due," listing it as the default among the four options.



9.     Reasonable consumers would expect that after selecting "Account Balance," Bank of America would withdraw the total amount due from their deposit accounts every month, and, as a result, no balance would carry over to the next month and no interest would accrue.

## PARTIES

10.    Plaintiff realleges and incorporates by reference all the paragraphs preceding hereto, as if fully set forth herein.

11. At all times herein mentioned, the Plaintiff, SKYE RUOZZI, was and still is a natural person, residing in the County of Kings, City of New York.

12. At all times herein mentioned, Defendant, BANK OF AMERICA, N.A., was a domestic corporation duly organized and existing under and by virtue of the Laws of the State of New York.

13. At all times herein mentioned, Defendant, BANK OF AMERICA, N.A., was and still is a foreign corporation authorized to do business under and by virtue of the laws of the State of New York.

14. At all times herein mentioned, Defendant, BANK OF AMERICA, N.A., maintained a principal place of business in the State of New York.

15. At all times herein mentioned, Defendant, BANK OF AMERICA, N.A., derived substantial revenue from goods used or consumed or services rendered in the State of New York.

16. At all times herein mentioned, Defendant, BANK OF AMERICA, N.A., expected or should reasonably have expected its acts to have consequences in the State of New York.

17. At all times herein mentioned, Defendant, BANK OF AMERICA, N.A., derived substantial revenue from interstate or international commerce.

## COMMON FACTUAL ALLEGATIONS

18. Plaintiff realleges and incorporates by reference all the paragraphs preceding hereto, as if fully set forth herein.

19. Bank of America provides customers with a variety of credit and banking services. Among these are several credit card options. A credit card allows the cardholder to borrow money to pay for goods and services. Each time the cardholder uses the credit card to pay for a purchase, the amount of the purchase adds to the balance of the card.

20. The terms of Bank of America's credit cards are set forth in its standard credit card agreements ("Card Agreement(s)"). The Card Agreements provide that Bank of America will generate a monthly billing statement showing the balance owed on the credit card, the payment due date, the minimum amount due, and any interest charges or fees incurred.

21. Each billing cycle, Bank of America credit card holders must pay at least the total minimum payment due shown on the customer's monthly statement by the customer's payment due date. Under the terms of the uniform Card Agreements, if a customer pays their entire card balance by the due date, then Bank of America will not charge interest on purchases. If the customer pays only the minimum amount due, or some other amount less than the full balance, the remaining balance will carry over to the next month and accrue interest according to the Annual Percentage Rate ("APR"), which varies with the market.

22. Bank of America offers its customers the ability to set up automatic payments through its website. Automatic monthly payments help customers avoid late fees by ensuring that they make a payment each month.

23. Customers who want to set up automatic payments can do so by logging into their Bank of America account online. Through Bank of America's website, customers can set up automatic payments (known as "AutoPay") by providing their deposit account information to Bank of America so that Bank of America can withdraw their chosen payment amount each month.

24. Hidden in a tiny link called "About Amounts" are four confusing descriptions of Bank of America's payment options.

25. The description of "Minimum Amount Due" provides:

> For some bills, such as credit cards, you can pay a minimum amount of the total due. However, selecting this option may leave a balance due. Not paying the full

amount due could result in fees or finance charges.

The description of "Account Balance" provides:

For some bills, such as credit cards, you can pay the total amount due. Selecting this option helps you avoid any fees or finance charges resulting from not paying the total balance.

The description of "Amount Due" provides:

Every bill has an amount due. Some bills, such as credit cards, will have additional options for paying what's due. Selecting this option may leave a balance due. Not paying the full amount due could result in fees or finance charges.



26. Bank of America's Card Agreement provides that Bank of America will not charge interest on purchases "if you pay your entire balance by the due date," but does not use the phrase "Amount Due."

## NAMED PLAINTIFF'S FACTS

27. Plaintiff opened a Bank of America credit card in May 2014. She opened the credit card for personal, family, or household uses.

28. Plaintiff chose to connect her credit card to her personal bank account and authorize automatic monthly payments of the full balance owed so that the card is paid in full

each month and no balance carries over.

29. Plaintiff chose the option to pay the full balance due each month in order to avoid paying interest charges and fees.

30. Prior to making her first payment, Plaintiff set up automatic payments through Bank of America's website, authorizing Bank of America to withdraw monthly payments from his deposit account at Chase. She selected "Account Balance," intending to cause Bank of America to withdraw the balance reflected on her last statement each month by the due date, thus avoiding interest charges under the Card Agreement. Based on the descriptions of Bank of America's payment options, Plaintiff believed the "Account Balance" option would cause Bank of America to withdraw from her checking account the amount reflected on her last month's statement, allowing no balance to carry over to the following month, and accruing no interest.

31. Plaintiff set up automatic payments to be paid three days before the due date to prevent an outstanding balance that would accrue interest.

32. Plaintiff's statement for the period of August 21 - September 20, 2023 shows that she used her Bank of America credit card to pay for $412.91 in goods and services the previous month.

33. On September 14, 2023, Bank of America withdrew $412.91 from Plaintiff's deposit account and applied it to her amount owed.

34. Despite Plaintiff paying the entire balance on her statement, Bank of America then charged Plaintiff $14.06 in interest.

35. Plaintiff's statement for the period of September 21 – October 20, 2023 shows that she used her Bank of America credit card to pay for $ 799.49 in goods and services the previous month. After adding the interest from the previous month, her balance was $813.55.

36. On October 14, 2023, Bank of America withdrew $813.55 from Plaintiff's deposit account and applied it to her amount owed.

37. Despite Plaintiff paying the entire balance on her statement, Bank of America then charged Plaintiff $18.07 in interest.

38. In total, between August 21, 2023 through October 20, 2023, Plaintiff incurred interest charges of $32.12. Plaintiff had intended to (and believed she had) select an automatic payment that would pay off her total balance each month to prevent any collection of interest.

39. Plaintiff reasonably believed that she had authorized Bank of America to automatically pay the entire balance owed on the statement without accruing any interest. She had no reason to think that Bank of America would charge her interest after withdrawing the total amount owed for the previous month. Because she believed she understood the meaning of the "Account Balance" option, Plaintiff did not regularly monitor her monthly statements.

40. On October 27, 2023, Plaintiff decided to review her statements and was shocked to see she was being charged interest several months in a row.

41. Plaintiff immediately contacted Bank of America to address the issue and was informed it was an "error" in their system.

## CLASS ALLEGATIONS

42. Plaintiff realleges and incorporates by reference all the paragraphs preceding hereto, as if fully set forth herein.

43. This action is properly maintainable as a Class Action under Article 9 of the New York Civil Practice Law and Rules.

44. This action is brought on behalf of the named Plaintiff individually, and a class consisting of similarly situated consumers including all persons (1) with a Bank of America

credit card (2) who enabled automatic payments through the Bank of America website and (3) selected the "Account Balance" payment option, during the applicable statutes of limitations through the date a class is certified.

45. Class members are identifiable through Defendant's records and payment databases.

46. Excluded from the Class are the Defendant; any entities in which it has a controlling interest; its agents and employees; and any Judge to whom this action is assigned and any member of such Judge's staff and immediate family.

47. Plaintiff proposes that she serve as Class representative.

48. Plaintiff and the Class have all been harmed by the actions of Defendant.

49. Numerosity is satisfied. There are likely thousands of Class members. Individual joinder of these persons is impracticable.

50. There are questions of law and fact common to Plaintiff and to the Class, including, but not limited to:

    a. Whether Defendant violated the North Carolina Unfair and Deceptive Trade Practices Act;

    b. Whether Defendant violated the North Carolina Debt Collection Act;

    c. Whether Defendant was unjustly enriched;

    d. Whether Defendant owes a duty of good faith and fair dealing to its customers;

    e. Whether Defendant violated the duty of good faith and fair dealing;

    f. Whether Plaintiff and the Class were damaged by Defendant's conduct;

    g. Whether Plaintiff and the Class are entitled to damages as a result of Defendant's actions;

  h. Whether Plaintiff and the Class are entitled to restitution; and

  i. Whether Plaintiff and the Class are entitled to attorneys' fees and costs.

51. Plaintiff's claims are typical of the claims of the Class members. Defendant offered the same automatic payment options to all Class members.

52. Plaintiff is an adequate Class representative because Plaintiff's interests do not conflict with the interests of the Class members and Plaintiff will adequately and fairly protect the interests of the Class members. Plaintiff has hired skilled and experienced counsel to represent himself and the Class.

53. Common questions of law and fact predominate over questions affecting only individual Class members, and a class action is the superior method for fair and efficient adjudication of this controversy.

54. The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation.

## COUNT I
### Violation of the North Carolina Unfair and Deceptive Trade Practices Act
### N.C. Gen. Stat. § 75-1.1, *et seq.*
### On Behalf of Plaintiff and the Class

55. Plaintiff realleges and incorporates by reference all the paragraphs preceding hereto, as if fully set forth herein.

56. The claims of Plaintiff and the Class members are governed by North Carolina law under their uniform Card Agreements with Bank of America.

57. The North Carolina Unfair and Deceptive Trade Practices Act ("NCUDTPA"), N.C. Gen. Stat. § 75-1.1, et seq., prohibits the use of "Unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce." N.C. Gen. Stat. § 75- 1.1(a).

58. Defendant engaged in "commerce," as defined by N.C. Gen. Stat. § 75-1.1(b), when it offered credit cards to Plaintiff and the Class members.

59. Defendant engaged in unfair and deceptive acts when it did not abide by the terms under its payment options. The phrase "Account Balance" implies that Bank of America will withdraw the full amount owed on the credit card each month, similar to the statement balance option offered by other banks. Reasonable consumers would expect that by choosing "Account Balance," they are choosing to pay off the amount due as of the last statement—thereby avoiding interest charges on purchases under the Card Agreement.

60. Contrary to the expectations of reasonable consumers, paying the full amount owed on the credit card each month will still result in interest being charged and added on to the following statement's balance.

61. Plaintiff and the Class members selected "Account Balance" believing they were choosing the option that would prevent balances that carried over and incurred interest charges.

62. Despite Bank of America withdrawing the total account balance, they incurred interest charges.

63. Plaintiff and the Class members were harmed by this deceptive conduct.

64. Plaintiff and the Class members seek treble damages and reasonable attorneys' fees and costs.

65. To the extent required, this cause of action is being pled in the alternative.

**COUNT II**
**Violation of the North Carolina Debt Collection Act ("NCDCA")**
**N.C. Gen. Stat. § 75-50, *et seq.***
**On Behalf of Plaintiff and the Class**
**(In the Alternative)**

66. Plaintiff realleges and incorporates by reference all the paragraphs preceding

hereto, as if fully set forth herein.

67. The claims of Plaintiff and the Class members are governed by North Carolina law under their uniform Card Agreements with Bank of America.

68. Plaintiff and the Class members engaged in commerce when they took out Bank of America credit cards. Plaintiff opened her Bank of America credit card for personal, family, or household uses. See N.C. Gen. Stat. § 75-50(1).

69. The NCDCA defines "debt collector" as "any person engaging, directly or indirectly, in debt collection from a consumer. N.C. Gen. Stat. § 75-50(3). The NCDCA applies to Defendant because it collects alleged debts arising out of consumer transactions.

70. The NCDCA prohibits debt collectors like Defendant from using "any fraudulent, deceptive, or misleading representation" to collect a debt, including, but not limited to, "[f]alsely representing the status or the true nature of the services rendered by the debt collector or his business." See N.C. Gen. Stat. § 75-54(7).

71. The NCDCA further prohibits debt collectors like Defendant from collecting or attempting to collect any debt by use of unconscionable means. See N.C. Gen. Stat. § 75-55.

72. This conduct violated N.C. Gen. Stat. § 75-54 generally (and § 75-54(7) specifically) because Defendant engaged in unfair and deceptive acts when it did not abide by the terms under its payment options. The phrase "Account Balance" implies that Bank of America will withdraw the full amount owed on the credit card each month, similar to the statement balance option offered by other banks. Reasonable consumers would expect that by choosing "Account Balance," they are choosing to pay off the amount due as of the last statement—thereby avoiding interest charges on purchases under the Card Agreement.

73. Contrary to the expectations of reasonable consumers, paying the full amount

owed on the credit card each month will still result in interest being charged and added on to the following statement's balance.

74. Plaintiff and the Class members selected "Account Balance" believing they were choosing the option that would prevent balances that carried over and incurred interest charges.

75. Despite Bank of America withdrawing the total account balance, they incurred interest charges.

76. Plaintiff and the Class members were harmed by this deceptive conduct.

77. This cause of action is being pled in the alternative to the NCUDTPA claims.

### COUNT III
### Breach of the Implied Covenant of Good Faith and Fair Dealing
### On Behalf of Plaintiff and the Class

78. Plaintiff realleges and incorporates by reference all the paragraphs preceding hereto, as if fully set forth herein.

79. When Plaintiff and the Class members opened credit cards with Bank of America, they entered into uniform Card Agreements with Bank of America.

80. The claims of Plaintiff and the Class members are governed by North Carolina law under their uniform Card Agreements with Bank of America.

81. Under North Carolina law, every contract contains an implied covenant of good faith and fair dealing. Under the covenant, neither party will do anything that injures the right of the other to receive the benefits of the agreement.

82. In addition to the implied covenant that inheres in all contracts, Defendant owed a special duty to Plaintiff and the Class members as their creditor to act in good faith and fair dealing with them.

83. Under the uniform Card Agreements between Bank of America, on the one hand,

and Plaintiff and the Class members on the other, Bank of America agreed not to charge interest on purchases if Plaintiff and the Class members paid the balance owed each month by the due date (i.e., the statement balance).

84. The phrase "Account Balance" implies that Bank of America will withdraw the full amount owed on the credit card each month, similar to the statement balance option offered by other banks. Reasonable consumers would expect that by choosing "Account Balance," they are choosing to pay off the amount due as of the last statement—thereby avoiding interest charges on purchases under the Card Agreement.

85. Contrary to the expectations of reasonable consumers, paying the full amount owed on the credit card each month will still result in interest being charged and added on to the following statement's balance.

86. Plaintiff and the Class members selected "Account Balance" believing they were choosing the option that would prevent balances that carried over and incurred interest charges.

87. Despite Bank of America withdrawing the total account balance, they incurred interest charges.

88. By charging interest despite having no outstanding balance, Bank of America did not act fairly and in good faith toward its customers. Rather, Bank of America injured Plaintiff's and the Class members' right to receive a benefit under their Card Agreements.

89. Plaintiff and the Class members selected "Account Balance" based upon the reasonable belief that this option would enable them to take advantage of the right to pay off their statement balance and not incur interest charges each month. By charging interest despite having no outstanding balance, Bank of America breached the covenant of good faith and fair dealing.

90. Plaintiff and the Class members were harmed due to this breach.

## COUNT IV
## UNJUST ENRICHMENT
### On Behalf of Plaintiff and the Class

91. Plaintiff realleges and incorporates by reference all the paragraphs preceding hereto, as if fully set forth herein.

92. The claims of Plaintiff and the Class members are governed by North Carolina law under their uniform Card Agreements with Bank of America.

93. Plaintiff and the Class members conferred benefits on Defendant; namely, Plaintiff and the Class members paid their credit card bills, including interest unfairly obtained due to Defendant's deceptive payment options.

94. Defendant's retention of these benefits is unjust because Defendant fraudulently profited off of interest charged to the Plaintiff and the Class members.

95. Plaintiff and the Class members are entitled to restitution and Defendant is required to disgorge the benefits it unjustly obtained.

96. This claim is pled in the alternative to Count III to the extent required by North Carolina law.

**WHEREFORE**, the Plaintiff prays for the following relief:

1. An Order certifying the proposed Class pursuant to Article 9 of the New York Civil Practice Law and Rules and appointing Plaintiff and her counsel to represent them;

2. Monetary and/or equitable relief in an amount to be determined at trial;

3. Statutory damages and/or penalties, including treble damages;

4. Punitive or exemplary damages;

5. Pre- and post-judgment interest to the extent provided by law;

      6.      Attorneys' fees and costs of suit, including costs of notice, administration, and expert fees; and

      7.      Such other legal or equitable relief, including injunctive or declaratory relief, as the Court may deem appropriate.

PLAINTIFF DEMANDS A TRIAL BY JURY OF ALL ISSUES SO TRIABLE.

Dated: New York, New York
       May 28, 2024

                                     */Michael J.S. Pontone, Esq/*
                                     Michael J.S. Pontone, Esq.
                                     THE LAW OFFICES OF
                                     MICHAEL J.S. PONTONE, ESQ., P.C.
                                     Attorneys for Plaintiff
                                     233 Broadway, Suite 900
                                     New York, NY 10279
                                     (917) 648-8784

To:
BANK OF AMERICA, N.A.
Bank of America Corporate Center
100 North Tryon Street
Charlotte, NC 28255

*CASE NO.:*
_____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

**SKYE RUOZZI, individually and on behalf of others similarly situated,**

**PLAINTIFF,**

**-AGAINST-**

**BANK OF AMERICA, N.A.,**

**DEFENDANT.**

_____

*SUMMONS & VERIFIED CLASS ACTION COMPLAINT*

_____

Michael J.S. Pontone, Esq.
**THE LAW OFFICES OF MICHAEL J.S. PONTONE, ESQ., P.C.**
*Attorneys for Plaintiff*
233 Broadway, Suite 2340
New York, NY 10279
(917) 648-8784